IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Patricia Rivera,

    Plaintiff,

v.                                                                                                No. 23-cv-00089-JCH-LF

Xerox Corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

In *Xerox's Motion to Dismiss for Insufficient Service of Process* (ECF No. 7), Defendant Xerox Corporation argues that Plaintiff Patricia Rivera's one-year delay in serving Xerox compels dismissal. The Court denies Xerox's motion for two reasons. First, before Xerox removed this case, the state court ruled on this issue. Dismissal would thus contravene law of the case. Second, because Xerox's registered agent for receiving service of process failed to update its address with the New Mexico Secretary of State, the Court will exercise its discretion and keep this case.

**I.  Background**

Ms. Rivera worked for Xerox. *See* Compl. ¶ 2 (ECF No. 1-1, at 2). She had surgery in August 2019, and she took leave until December 2019 under the Family and Medical Leave Act ("FMLA"). *See id.* ¶¶ 11-16; 29 U.S.C. § 2611 *et seq*. Ms. Rivera alleges that Xerox then terminated her employment—in violation of the FMLA—in late December 2019 or early 2020. *See* ECF No. 1-1, at 4, ¶ 18.

Ms. Rivera filed her complaint in New Mexico state court on December 20, 2021. *Id.* at 2. She requested the issuance of a summons almost five months later, on May 17, 2022. Summons (ECF No 1-1, at 8). Ms. Rivera hired a process server, who attempted to serve Xerox at the address

of Xerox's registered agent on May 20, 2022. *See* Aff. 1 (ECF No. 1-1, at 16). Xerox's agent had relocated from Santa Fe to Hobbs, however, so the attempted service failed. *Id.*; Resp. ¶¶ 11-13 (ECF No. 12); Reply 2 (ECF No. 14).

Six more months passed. On November 30, 2022, the state court noted *sua sponte* that nothing in the case had happened in more than 180 days. Disposition Order for Lack of Prosecution, *Rivera v. Xerox Corp.*, D-202-cv-2021-07105 (2d Jud. Dist. Ct. Nov. 30, 2022).[1] As a result, the court dismissed the case. The court did so without prejudice, noting that any party could move for reinstatement within thirty days. *See id.*

On December 30, 2022, Ms. Rivera moved for reinstatement. Mot. to Reinstate (ECF No. 1-1, at 28). Also on that day, Ms. Rivera served Xerox with a copy of the complaint, summons, and her motion to reinstate. *See id.* at 28. Xerox did not respond. *See* Order Reinstating Case, *Rivera v. Xerox Corp.*, D-202-cv-2021-07105 (2d Jud. Dist. Ct. Jan. 25, 2022).

On January 25, 2023, the state court reinstated the case. *Id.* The court noted that Ms. Rivera served her motion on Xerox, and that Xerox did not respond. *Id.* The court wrote that it "therefore finds that Plaintiff's Motion is well taken and that good cause exists to reinstate this case." *Id.*

On January 30, 2023, Xerox removed the case to this Court. *See* Notice of Removal (ECF No. 1). Xerox then moved to dismiss for insufficient service of process. ECF No. 7, at 1.

**II.   Discussion**

A federal court may dismiss a lawsuit for insufficient service of process. Fed. R. Civ. P. 12(b)(5). New Mexico's service requirements govern this motion "[b]ecause the action was in [New Mexico] state court before removal." *Gatlin v. CoreCivic, Inc.*, No. 22-2031, 2022 WL

---

[1] The Court may take judicial notice of state-court orders. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008).

2

17333065, at *2 (10th Cir. Nov. 30, 2022) (second alteration in original) (quoting *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1184 (10th Cir. 2014)).

Alternative reasons compel denial of Xerox's motion. First, the state court already ruled on the issue presented. Second, the totality of the circumstances warrants the Court to exercise its discretion and keep this case.

### A. Law of the Case

"Law of the case doctrine permits a court to decline the invitation to reconsider issues already resolved earlier in the life of a litigation." *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1240 (10th Cir. 2016). Courts may raise law of the case on their own. *See United States v. Wallace*, 573 F.3d 82, 90 n.6 (1st Cir. 2009); 18B Edward H. Cooper, *Federal Practice and Procedure (Wright & Miller)* § 4478, text accompanying note 56, Westlaw (database updated Apr. 2023). The Court does so here.

Then-Judge Gorsuch explained the importance of the doctrine:

> Without something like it, an adverse judicial decision would become little more than an invitation to take a mulligan, encouraging lawyers and litigants alike to believe that if at first you don't succeed, just try again. A system like that would reduce the incentive for parties to put their best effort into their initial submissions on an issue, waste judicial resources, and introduce even more delay into the resolution of lawsuits that today often already take long enough to resolve.

*Entek GRB*, 840 F.3d at 1240. The doctrine holds additional significance when a state court decides an issue in a case that later arrives in federal court. Then, "comity concerns . . . take special hold." Cooper, *supra*, text accompanying note 6.

Here, the state court already determined that Ms. Rivera acted with reasonable diligence. *See* Order Reinstating Case, *supra*. Ms. Rivera's state-court motion to reinstate provides substantially the same reasoning as her federal-court response to this motion. *Compare* Mot. to Reinstate ¶¶ 4-11 (ECF No. 1-1, at 11-12), *with* Resp. ¶¶ 7-14 (ECF No. 12). The state court found

3

that her motion was "well taken" and "good cause exists to reinstate the case." Order Reinstating Case, *supra*. With deference to the state court, this Court holds that Ms. Rivera was diligent enough to avoid dismissal.

Admittedly, the state-court order is susceptible to two interpretations. The order states, "Defendant Xerox Corporation has failed to file a response stating a position on Plaintiff's Motion to Reinstate. The Court therefore finds that Plaintiff's Motion is well taken and that good cause exists to reinstate this case." *See* Order to Reinstate, *supra*. The words "well taken" and "good cause exists" indicates that the state court considered the merits of Ms. Rivera's motion. On the other hand, the reference to Xerox's failure to respond followed by "therefore" suggests a type of waiver: because of Xerox's nonresponse, the state court could have granted Ms. Rivera's motion without considering its merits. And if the state court did not consider the issues in Ms. Rivera's motion (that is, whether she acted with enough diligence to reinstate the case), then the order would not be law of the case. *See Loera v. United States*, 714 F.3d 1025, 1030-31 (7th Cir. 2013).

Between these two interpretations, deference to the state-court order is preferable. Treating the order as law of the case safeguards the doctrine's underlying interests. If federal courts disregarded similar state-court orders, then parties in Xerox's position would be incentivized to ignore similar state-court motions, secure in the knowledge that they could later remove the case and ask a federal court to rule on a new motion without considering an adverse state-court order. *See Entek GRB*, 840 F.3d at 1240. What is more, contradicting a New Mexico court's earlier ruling on the same issue of New Mexico law would violate comity. *See* Cooper, *supra*, text accompanying note 6.

Even though the parties did not brief the law-of-the-case issue, it is worth addressing a point that Xerox raised: "[R]emoving an action from state to federal court does not waive a

4

defendant's defense of lack of process or lack of service of process." ECF No. 7, at 2 (alteration in original) (quoting *Kiro v. Moore*, 229 F.R.D. 228, 231 (D.N.M. 2005)). This rule fits with the law-of-the-case doctrine. In *Kiro v. Moore*, for example, nothing suggested that the state court ruled on the sufficiency of process before removal. *See* 229 F.R.D. at 229. If the state court here had not already ruled on the sufficiency of Ms. Rivera's process, then the Court could review Xerox's motion on a blank slate. But the state court did so rule, so the law of the case controls. Put differently, the problem for Xerox is not that it waived its defense of lack of process upon removal; the problem is that the state court already ruled that Ms. Rivera's service was proper enough for reinstatement.

Finally, the Court's decision finds support in *Palzer v. Cox Oklahoma Telecom, LLC*, 671 F. App'x 1026 (10th Cir. 2016). There, the plaintiff filed a petition against the defendants on January 20, 2015. But the plaintiff's lawyers neglected to serve the defendant. So, on August 24, the state court issued a "Notice of Disposition Docket." The notice said that the state court would dismiss the case without prejudice unless the plaintiff's lawyers appeared and showed good cause for why the case should remain on the docket. One of the plaintiff's lawyers appeared on September 10 and explained the delay. The state court granted the plaintiff a thirty-day extension to serve the defendant. The plaintiff did so on September 14. After receiving service, the defendant removed the case to federal court on October 2. And once in federal court, the defendant moved to dismiss for failure to timely serve summons under Rule 12(b)(5). The federal court granted the motion and dismissed the case. *See Palzer*, 671 F. App'x at 1027.

The Tenth Circuit reversed. The panel reasoned, "We are further assured of our decision in light of the district court's manifest disregard for the state court's September 10 decision." *Id.* at 1028. The panel continued, "we do not take lightly the notion that [the defendant] can avoid this

5

suit in federal court after the state court expressly allowed the case to proceed, whether its decision amounted to a good cause finding or not." *Id.* And even though the panel did not expressly analyze law of the case, the panel still noted that the federal court's disregard of the state court's order was "inequitable as it is incompatible with our discouragement of forum-shopping." *Id.*

*Palzer* is especially persuasive given its standard of review. The Tenth Circuit reviews a district court's dismissal of a case for insufficient service for an abuse of discretion. *Id.* Thus, in a case with similar facts, the Tenth Circuit has held that a district court is not just wrong to overlook a state-court order that service was proper enough for a case to proceed; a district court abuses its discretion by doing so.

Because the state court already granted Ms. Rivera's motion to reinstate the case, the Court will defer to that court and deny Xerox's motion to dismiss.

    **B.**    **Application of New Mexico Law**

The New Mexico Rules of Civil Procedure provide that "[s]ervice of process shall be made with reasonable diligence." N.M. R. Civ. P. 1-1004(c)(2). Trial courts have the discretion to determine "whether delay demonstrates a lack of due diligence and whether the delay warrants dismissal of the complaint." *Martinez v. Segovia*, 2003-NMCA-023, ¶ 29, 62 P.3d 331 (citing *Graubard v. Balcor Co.*, 2000-NMCA-032, ¶ 12, 999 P.2d 434); *see also Prieto v. Home Ed. Livelihood Program*, 1980-NMCA-114, ¶ 12, 616 P.2d 1123. "A 'standard of objective reasonableness' applies, under which a court should 'consider the totality of circumstances' and 'weigh the actions taken by [the plaintiff] to obtain service against the prejudice to the [defendants] resulting from the delay of service.'" *Gatlin*, 2022 WL 17333065, at *2 (quoting *Martinez*, 2003-NMCA-023, ¶ 27).

6

Ms. Rivera, as the plaintiff, "bears the burden of establishing the validity of service." *Exec. Consulting, Inc. v. Kilmer*, 931 F. Supp. 2d 1139, 1140 (D.N.M. 2013) (citing *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992)). Perhaps a counterweight to this burden, New Mexico courts explicate a strong preference for deciding cases on the merits rather than on procedural deficiencies. *See, e.g.*, *Bd. of Cnty. Comm'rs v. City of Las Vegas*, 1980-NMSC-137, ¶ 7, 622 P.2d 695; *Skeen v. Boyles*, 2009-NMCA-080, ¶ 45, 213 P.3d 531.

Xerox asserts that *Romero v. Bachicha*, 2001-NMCA-048, 28 P.3d 1151, controls. The plaintiff there filed a complaint eight days before the statute of limitations ran but delayed more than a year before serving the defendant with an amended complaint. *See id.* ¶¶ 3-4. After the defendant was served, he moved to dismiss for insufficient service of process. The trial court dismissed the case, and the New Mexico Court of Appeals affirmed. *See id.* ¶¶ 7, 25.

Here, Ms. Rivera filed her state-court complaint on December 20, 2021, just before the statute of limitations expired in early 2022.[2] And she did not serve Xerox with the complaint until December 30, 2022—more than year after she filed the complaint. This case's timeline thus appears to match *Romero*'s.[3]

---

[2] Xerox asserts that the applicable statute of limitations is two years because Ms. Rivera does not allege a willful violation of the FMLA. *See* ECF No. 7, at 3; *see also* 29 U.S.C. § 2617(c) (providing a default two-year statute of limitations for FMLA violations and a three-year statute of limitations for willful FMLA violations). And because Ms. Rivera's was allegedly terminated in late December 2019 or early 2020, Xerox concludes that the statute of limitations expired in early 2022. Ms. Rivera does not challenge Xerox's analysis, and the Court accepts this analysis for purposes of this motion.

[3] *Romero* has another commonality with this case. There too, the state trial court *sua sponte* dismissed the plaintiff's complaint for a failure to prosecute. Also like this case, the plaintiff moved to reinstate, and the state court granted plaintiff's motion and reinstated the action. The defendant moved to dismiss for insufficient service of process after reinstatement. The state trial court dismissed the case. *See Romero*, 2001-NMCA-048, ¶¶ 4-5.

One might therefore think that this Court's deference to the state court's reinstatement order conflicts with *Romero*. In other words, if the *Romero* trial court dismissed the case for

But a key fact distinguishes *Romero*. Xerox had a statutory obligation to "continuously maintain . . . a registered agent" in New Mexico." NMSA 1978, § 53-17-9 (1967). And if the registered agent changed its address, then the agent needed to update its address with the New Mexico Secretary of State. NMSA 1978, § 53-17-10 (1967). This way, the registered agent could receive service of process for Xerox. NMSA 1978, § 53-17-11 (1967).

Xerox and its registered agent neglected these obligations. On May 20, 2022, Ms. Rivera's process server tried to serve the registered agent at its address on file with the Secretary of State. *See* ECF No. 1-1, at 16. But the attempted service failed—the registered agent had relocated without updating its address. *See id.* Xerox, therefore, would have been served in five months but for its failure to adhere to statutory requirements.

Delays exceeding five months do not necessarily compel dismissal. *See, e.g.*, *Martinez*, 2003-NMCA-023, ¶¶ 2, 27-30 (affirming trial court's determination that eight-month delay did not warrant dismissal given totality of the circumstances). To be sure, the *Martinez* plaintiff was more diligent than Ms. Rivera. *See id.* ¶ 27 (noting plaintiff employed two process servers within a month of filing complaint, made several service attempts, and searched voter records for defendant's address). And Ms. Rivera's failure to serve Xerox in other ways (for example, by serving the Secretary of State, *see* NMSA, § 38-1-6(B) (1993)) was also a but-for cause of the

---

insufficient service of process after reinstatement, why should this Court deny dismissal after reinstatement? This case has two differences. First, it is unclear whether the *Romero* plaintiff's motion to reinstate raised the same arguments as its briefs against the *Romero* defendant's motion to dismiss for insufficient service of process. Thus (unlike here), the *Romero* trial court may have addressed different issues in its reinstatement order as its dismissal order. Second, comity was not at stake. When considering the motion to dismiss, the *Romero* trial court did not have to worry about contravening a different sovereign's application of that sovereign's laws. In sum, *Romero* does not halt this Court's deference to the state-court order.

delay exceeding five months. Still, the Court weighs Xerox's neglect of its statutory requirements heavily against Xerox.

Finally, Xerox does not identify any specific prejudice other than its interest in repose that accompanies the expiration of a statute of limitations. *See* ECF No. 14, at 4. It is true that this is an important interest. But more is needed for dismissal. In *Martinez*, the statute of limitations also expired before the defendants were served with the complaint. *See* 2003-NMCA-023, ¶ 4. Even so, the *Martinez* court weighed the absence of specific prejudice against the defendants when deciding whether to dismiss for insufficient service. *See id.* ¶ 28. The lack of specific prejudice here likewise counsels against dismissal.

All in all, Ms. Rivera could have done more serve Xerox. But Xerox's neglect of statutory requirements and the lack of specific prejudice render dismissal too harsh. Having considered the totality of the circumstances, the Court exercises its discretion and denies Xerox's motion. *See Gatlin*, 2022 WL 17333065, at *2 (quoting *Martinez*, 2003-NMCA-023, ¶ 27).

### III.   Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that *Xerox's Motion to Dismiss for Insufficient Service of Process* (**ECF No. 7**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE